**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------------------------------------------------------
| | |
|---|---|
| KATHLEEN KERRIGAN, | : |
| ANTHONY HOLIDAY, MICHAEL J. McSHEA | : |
| TARIQ MANGUM,  RENEE CROSBY, and | : |
| CAROLYN DAVENPORT, | : |
| on behalf of themselves and all others similarly situated, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION |
| v. | : NO. 07 - |
| | : |
| THE PHILADELPHIA BOARD OF ELECTION;  and | : |
| MARGARET M. TARTAGLIONE, EDGAR HOWARD, | : |
| and JOSEPH DUDA,  PHILADELPHIA CITY | : |
| COMMISSIONERS,  in their official capacities, | : |
| | : |
| Defendants. | : Class Action |

_____

**COMPLAINT**

## I. Introduction

1.    Individual Plaintiffs are residents of Philadelphia who have mobility disabilities, who are registered to vote,  and who wish to vote at neighborhood polling places that are accessible for persons with mobility disabilities.

2.    Plaintiffs seek to exercise their right to vote in Philadelphia in the same manner as non-disabled persons and with access to polling places the same as non-disabled persons.  They seek to vote at their neighborhood polling places and to exercise their fundamental right to cast a secret ballot for the  candidates of their choice -- in the same manner as non-disabled persons.

3.    Philadelphia has more than 1,600 polling locations, and more than 400 are not accessible to persons with a mobility impairment who cannot readily walk up or down steps.   Due to

physically inaccessible polling places, Plaintiffs and class members cannot vote in their neighborhood polling places, do not vote, or are humiliated and embarrassed because they cannot independently and readily access the polling places, and are denied access to neighborhood polling places.

4.      Defendants have failed to select and provide accessible polling places, thus violating Plaintiffs' and class members' civil rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131-12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"), by denying equal and integrated access to the polling places in Philadelphia. Plaintiffs seek declaratory and injunctive relief to require Defendants to make all polling place locations accessible to Plaintiffs and other voters with mobility disabilities.

## II.   Jurisdiction

5.      This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3). Plaintiffs' claims are authorized by 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, 29 U.S.C. § 794 and 42 U.S.C. § 12132.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) since Defendants reside in the District and all of the events that give rise to this Complaint occurred in this District.

## III.  The Parties

### A.  Individual Plaintiffs

7.      Plaintiff Kathleen Kerrigan is a Philadelphia resident who is registered to vote. She has a mobility disability and has used a wheelchair to ambulate since 2003. She has been on

-2-

dialysis for fifteen years. Defendants have assigned her to a polling place that is inaccessible because it has steps.  As a result of its inaccessibility,  Plaintiff Kerrigan cannot gain access to the polling place or to use the voting machines.

8.    Plaintiff Anthony Holiday is a twenty year old Philadelphia resident who became eligible to vote in 2004 and is registered to vote.  He has a mobility disability and uses a wheelchair to ambulate.  Defendants have assigned him to a polling place that is inaccessible because it has steps.  As a result of its inaccessibility,  Plaintiff Holiday cannot gain access to the polling place or to use the voting machines.

9.    Plaintiff Michael J. McShea is a Philadelphia resident who is registered to vote.  He has a mobility disability as a result of having his left leg amputated two years ago and his right leg amputated one and a half years ago.  Since 2004, he has used a wheelchair. There are two other persons in his polling precinct who also use a wheelchair to ambulate.  Defendants assigned him to a polling place that it listed as an accessible  garage, but the garage is in fact not used for voting.  Instead voting occurs in a basement which has three steps.  In order to gain access, the poll workers have carried Plaintiff McShea down the three steps, which is dangerous both to him and the poll workers. As a result of its inaccessibility,  Plaintiff McShea  cannot gain independent access to the polling place or to use the voting machines.

10.    Plaintiff Tariq Mangum is an eighteen year old Philadelphia resident who became eligible to vote in May, 2006 and who is registered to vote.  He became disabled earlier in 2006 as a result of a car accident.  He has a mobility disability and uses a wheelchair to ambulate. Defendants assigned him to polling place that is inaccessible because it has steps. As a result of its inaccessibility,  Plaintiff Mangum cannot gain access to the polling place or to use the

voting machines.

11.    Plaintiff Renee Crosby is a Philadelphia resident who is registered to vote.  She has a mobility disability and started using a wheelchair in 2006.  Before  using a wheelchair to ambulate, she used crutches, which are much harder and more painful than using the wheelchair.  Her assigned polling place is inaccessible because it has steps.  As a result of its inaccessibility, in order for her to vote in November, 2006, Plaintiff Crosby had to use her crutches.  Plaintiff Crosby cannot gain access to the polling place with her wheelchair or to use the voting machines.

12.    Plaintiff Carolyn Davenport is a Philadelphia resident who is registered to vote.  She has a mobility disability and recently started using a motorized wheelchair.  Before that, she used a manual wheelchair and a walker to ambulate.  Her assigned polling place has several steps at its main entrance. In the past, she has had to pull herself up the front steps where she then used her walker.  The front entrance does not have signage for an alternative entrance.  There is a side entrance to the polling place which is accessible but it was locked for the November, 2006 election.  As a result of its inaccessibility,  Plaintiff Davenport cannot gain equal access to the polling place or to use the voting machines.

       B.  Defendants

13.    Defendant Philadelphia Board of Election is the public entity responsible for selecting polling places in the City of Philadelphia.

14.    Defendants Margaret M. Tartaglione, Edgar Howard and Joseph Duda, Philadelphia City Commissioners, are sued in their official capacities and are responsible for supervising all elections in Philadelphia.  These responsibilities include choosing polling places.

IV.     **Class Action Allegations**

15.     Individual Plaintiffs bring this action on their own behalf and on behalf of all other persons

        similarly situated, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

        The class consists of all persons who are residents of Philadelphia County eligible to vote

        who have mobility impairments that prevent them from gaining independent access to vote

        in inaccessible neighborhood polling places and who after October 22, 2001 either became

        eligible to vote or developed a mobility disability.

16.     The exact size of the class is unknown to the Plaintiffs, but it is believed to be sufficiently

        large to make joinder impracticable.

17.     The questions of  law or fact common to the class include whether Defendants violate the

        ADA and RA by requiring class members to be denied access to vote independently in their

        neighborhood polling places that are inaccessible.

18.     The claims of the named Plaintiffs -- that Defendants violate their rights under the ADA and

        RA by failing to select and use the polling places accessible to persons with mobility

        impairments-- are typical of all putative class members' claims.

19.     The named Plaintiffs will fairly and adequately protect the interests of the class.  They have

        no interests which conflict with other class members.  Plaintiffs' counsel are experienced in

        litigating class actions,  including enforcement of the civil rights of people with disabilities.

20.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby

        making appropriate injunctive and declaratory relief with respect to the class as a whole.

V.   **The Facts**

21.     Individual Plaintiffs and class members are all individuals with mobility disabilities who

desire to vote in person on election day at accessible polling places that permit them to cast their ballots in the same manner as non-disabled persons.

22.   Defendants Philadelphia Board of Election and Commissioners have not ensured that voters who have mobility disabilities can vote in accessible polling places to cast their ballots secretly, independently, and in the most integrated setting.

23.   Philadelphia county is 129.7 square miles. The City is divided into 66 wards, each of which are divided into multiple divisions. Each division is assigned a unique polling place. There are more than 1,600 polling places in the City. Defendants assign each registered voter in the City to a ward and a division based on where a person lives. Registered voters are required to vote in the polling place to which they have been assigned by the Defendants. Defendants do not allow voters with mobility disabilities whose assigned polling place is inaccessible to vote in an accessible polling place.

24.   As a result of a previous lawsuit, hundreds of neighborhood polling places that had been inaccessible to persons with mobility impairments, including those who use wheelchairs, were relocated to accessible locations at no cost to the City, or they were ramped with either permanent or temporary ramps with federal funds. Nevertheless, there are more than 400 polling locations that remain inaccessible.

25.   Many polling places that have not been relocated could be moved to accessible locations.

26.   A number of polling places - including some identified as accessible– are inaccessible but could with simple modifications be made accessible or moved to an accessible location.

27.   Named Plaintiffs and class members have mobility impairments and many use wheelchairs to ambulate due to their disabilities. In order for Plaintiffs and class members to cast their

ballots in person, their neighborhood polling place must have an accessible path of travel to an accessible voting machine.  Their present polling places are inaccessible, and they cannot vote where their non-disabled neighbors vote.

28.    Despite knowledge of continued violations of and denial of equal access of the voting rights of Plaintiffs and other voters with disabilities since the passage of the ADA and RA, City Defendants select and use of polling locations that are inaccessible to persons with disabilities rather than select and use only accessible polling locations.

29.    City Defendants have discriminated, and continue to discriminate, against Plaintiffs and class members on the basis of their disabilities with respect to voting in Philadelphia County.

30.    Plaintiffs and class members have no remedy at law and require injunctive relief to enjoin the Defendants from violating their civil rights.

**VI.**    **Claims**

31.    Plaintiffs and class members are substantially impaired in the major life activity of walking, and they are qualified individuals with a disability as defined in the ADA and the RA.  42 U.S.C. §§ 12102(2)(A), 12131 and 28 C.F.R. § 35.104 (ADA); 29 U.S.C.§ 705(20)(B) and 28 C.F.R. § 41.31, 41.32 (RA).

32.    Defendants Margaret M. Tartaglione, Edgar Howard and Joseph Duda are Philadelphia City Commissioners. They are sued in their official capacities as officials of a public entity subject to the ADA and as a recipient of federal financial assistance subject to the RA. 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 (ADA); 29 U.S.C. § 794(b) (RA).

33.    Defendant Philadelphia Board of Elections is a public entity as defined in 42 U.S.C. § 12131(1) and 28 CFR § 35.104 and a recipient of federal financial assistance under 29 U.S.C.

§ 794.

34. Defendants have subjected Plaintiffs and class members to discrimination based on their mobility disabilities by excluding them from participation in and denying them the benefits of their services, programs, and activities, *i.e.*, access to polling places and the voting process in a manner that is available to non-disabled people, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(a), and the RA, 29 U.S.C. § 794.

35. Defendants have denied or failed to afford Plaintiffs and class members on the basis of their mobility disabilities the opportunity to participate in and benefit from their services, programs, and activities, *i.e.*, voting in polling places in a manner that is available and afforded to non-disabled people, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(1), and the RA, 29 U.S.C. § 794.

36. Defendants have used methods of administration that have the effect of subjecting individuals with mobility disabilities, such as Plaintiffs and class members, to discrimination on the basis of their disabilities (*e.g.*, allowing certain individuals to effectively veto decisions to move inaccessible polling places to accessible locations) and defeating or substantially impairing the accomplishment of the program's objectives to facilitate voting in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3), and RA, 29 U.S.C. § 794.

37. Defendants have determined the locations of polling places in a manner that has the effect of excluding individuals with mobility disabilities, such as Plaintiffs and class members, from or denying them the benefits of Defendants' programs, services or activities, *i.e.*, providing access to polling places and the voting process, and that have the purpose or effect

of defeating or substantially impairing the objectives of those programs, services, or activities in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(4), and the RA, 29 U.S.C. § 794.

38.     Defendants have failed to make reasonable modifications in their policies, practices, and procedures concerning inaccessible polling places that are necessary to avoid discrimination against individuals with mobility disabilities, such as Plaintiffs and class members, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7), and the RA, 29 U.S.C. § 794.

39.     Defendants have failed to administer their services, programs, and activities (*i.e.*, providing access to polling places and the voting process) in the most integrated setting appropriate to the needs of individuals with mobility disabilities, such as Plaintiffs and class members, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(d), and the RA, 29 U.S.C. § 794.

40.     Defendants have failed to assure that each polling place -- which constitutes a unique service, program, or activity because voters can only vote in their assigned polling place -- is readily accessible to and usable by individuals with mobility disabilities, including Plaintiffs and class members, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.150, and the RA, 29 U.S.C. § 794.

**VII.   Relief**

41.     **WHEREFORE**, Plaintiffs respectfully request:

1.      That this Court assume jurisdiction;

2.      That this Court certify the case as a class action;

3.      That this Court issue appropriate declaratory and injunctive relief; and

4      That this Court issue such other relief as may be just, equitable and appropriate,

including an award of reasonable attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C.

§§1988 and 12205 and 29 U.S.C. § 794a(b).

Respectfully submitted,


/s/ Stephen F. Gold
Stephen F. Gold, Esquire
I.D. No. 09880
125 South Ninth Street
Suite 700
Philadelphia, Pa.,19107
(215)-627-7100


/s/ Robert W. Meek
Robert W. Meek, Esquire
I.D. No. 27870
Disability Rights Network of PA.
1315 Walnut Street, 4th Floor
Philadelphia, Pa. 19107


/s/Seth Kreimer
Seth Kreimer, Esquire
I.D. No. 26101
3400 Chestnut Street
Philadelphia, Pa.  19104


Attorneys for Plaintiffs

Dated: February 21, 2007

-10-