**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
:
KATHLEEN KERRIGAN; ANTHONY :
HOLIDAY; MICHAEL J. McSHEA; :
TARIQ MANGUM; RENEE CROSBY; and :
CAROLYN DAVENPORT, on behalf of :
themselves and all others similarly situated, :
:
       Plaintiffs, : Civil Action No. 07-CV-687
:
    v. :
: Class Action
CITY OF PHILADELPHIA; :
MARGARET M. TARTAGLIONE, :
ANTHONY CLARK, and JOSEPH J. DUDA, :
in their official capacities as Philadelphia :
City Commissioners; :
PENNSYLVANIA DEPARTMENT OF :
STATE and PEDRO A. CORTÉS, in his :
official capacity as Secretary of the :
Commonwealth, :
:
       Defendants. :
_____:

**AMENDED COMPLAINT**

**I. Introduction**

  1. Individual Plaintiffs are residents of Philadelphia who have mobility disabilities, who are registered to vote, and who wish to vote at neighborhood polling places that are accessible for persons with mobility disabilities.

  2. Plaintiffs seek to exercise their right to vote in Philadelphia in the same manner as non-disabled persons and with access to polling places the same as non-disabled persons.

They seek to vote at their neighborhood polling places and to exercise their fundamental right to cast a secret ballot for the candidates of their choice -- in the same manner as non-disabled persons.

3. Philadelphia has more than 1,600 polling divisions, and more than 400 are not accessible to persons with mobility impairments who cannot readily walk up or down steps. Due to physically inaccessible polling places, Plaintiffs and class members cannot vote in their neighborhood polling places, do not vote, or are humiliated and embarrassed because they cannot independently and readily access the polling places and are denied access to neighborhood polling places.

4. Defendants City of Philadelphia and the City Commissioners have failed to select and provide accessible polling places thus violating Plaintiffs' and class members' civil rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, by denying equal and integrated access to the polling places in Philadelphia.

5. Defendants Pennsylvania Department of State and the Secretary of the Commonwealth have violated the Voting Accessibility for the Elderly and Handicapped Act (VAEH), 42 U.S.C. §§ 1973ee-1 *et seq.*, Title II of the ADA, and Section 504 of the RA, by failing to assure that all polling places in Philadelphia were surveyed and by allowing the City of Philadelphia and the City Commissioners to improperly designate inaccessible polling

places as accessible, to reject accessible alternative polling locations, and to improperly utilize the alternative ballot.

6. Plaintiffs seek declaratory and injunctive relief to require Defendants to assure that polling places in Philadelphia are accessible to Plaintiffs and other voters with mobility disabilities.

## II. Jurisdiction

7. The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(3). Plaintiffs' claims are authorized by 42 U.S.C. §§ 1973ee-4, 1983, 12132; 29 U.S.C. § 794; and 28 U.S.C. §§ 2201 and 2202.

8. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) since all of the events that give rise to the Amended Complaint occurred in this district.

## III. The Parties

### A. Individual Plaintiffs

9. Plaintiff Michael J. McShea is a Philadelphia resident who is registered to vote. He has a mobility disability as a result of having his left leg amputated more than three years ago and his right leg amputated approximately two and one-half years ago. Since 2004, he has used a wheelchair to ambulate. Defendants assigned him to a polling place that it listed as an accessible garage, but the garage is not used for voting. Instead, voting occurs in a basement which has three steps. In order to gain access, the poll workers have carried Plaintiff McShea down the three steps, which is dangerous to both him and the poll workers.

As a result of its inaccessibility, Plaintiff McShea cannot gain independent access to his apartment.

10. Plaintiff Tariq Mangum is a nineteen-year-old Philadelphia resident who became eligible to vote in May 2006 and who is registered to vote. He became disabled earlier in 2006 as a result of a car accident. He has a mobility disability and uses a wheelchair to ambulate. Defendants assigned him to a polling place that is inaccessible because it has steps. As a result of its inaccessibility, Plaintiff Mangum cannot gain access to his polling place or use the voting machines.

11. Kathleen Kerrigan, Renee Crosby, Carolyn Davenport, and Anthony Holiday, who were named as Plaintiffs in the initial complaint, are no longer parties in this litigation.

**B.**     **Defendants**

12. Defendant City of Philadelphia is a Pennsylvania city of the first class which, through the City Commissioners as the Philadelphia Board of Elections, is responsible to select polling places, administer voter registration, and otherwise conduct and supervise elections in Philadelphia in accordance with federal and state laws.

13. Defendants Margaret M. Tartaglione, Anthony Clark, and Joseph J. Duda are the Philadelphia City Commissioners who are responsible to select polling places, administer voter registration, and otherwise conduct and supervise elections in Philadelphia in accordance with federal and state laws. Defendants Tartaglione, Clark, and Duda are sued solely in their official capacities for actions and omissions as the City Commissioners.

14. Defendant Pennsylvania Department of State, through the Secretary of the Commonwealth, is the agency in the Commonwealth of Pennsylvania that is responsible for enforcement in the Commonwealth of the VAEH, 42 U.S.C. §§ 1973ee *et seq.*; 25 Pa. Cons. Stat. Ann. §§ 2621(e), 2621(g).

15. Defendant Pedro A. Cortés is the Secretary of the Commonwealth who, as the chief election officer for the Commonwealth, is responsible for enforcement in the Commonwealth of the federal Voting Accessibility for the Elderly and Handicapped Act, 42 U.S.C. §§ 1973ee *et seq.*; 25 Pa. Cons. Stat. Ann. §§ 2621(e), 2621(g).

**IV.   Class Action Allegations**

16. Plaintiffs McShea and Mangum bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The class, which the Court certified by Order dated March 13, 2008, consists of all eligible Philadelphia County voters with mobility disabilities who either became eligible to vote or developed a mobility disability after October 22, 2001.

17. The exact size of the class is unknown to Plaintiffs, but it is believed to be sufficiently large to make joinder impracticable.

18. The questions of law or fact common to the class include whether Defendants violate the ADA, RA, and/or VAEH by failing to assure that Philadelphia polling places are accessible.

19. The claims of Plaintiffs McShea and Mangum are typical of all putative class members' claims.

20. Plaintiffs McShea and Mangum will fairly and adequately protect the interests of the class. They have no interests which conflict with other class members. Plaintiffs' counsel are experienced in litigating class actions, including enforcement of the civil rights of people with disabilities. Messrs. McShea and Mangum have been certified as class representatives and their counsel have been appointed to represent the class in the Court's March 13, 2008 Order.

21. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole.

## V.   **The Facts**

22. Plaintiffs and class members are individuals with mobility disabilities who desire to vote in person on election day at accessible polling places that permit them to cast their ballots in the same manner as non-disabled persons.

23. Defendants City of Philadelphia and the City Commissioners (collectively, "City Defendants") have not ensured that voters with mobility disabilities can vote in accessible polling places to cast their ballots secretly, independently, and in the most integrated setting.

6

24. Philadelphia County is 129.7 square miles. The City is divided into 66 wards, each of which is divided into multiple divisions. Each division is assigned a unique polling place. There are more than 1,600 polling divisions in the City. Since two or more polling divisions can be assigned to a single locations, there are approximately 1,000 to 1,200 polling places in Philadelphia. City Defendants assign each registered voter in the City to a ward and division based on where she or he lives. Registered voters are required to vote in the polling place for the ward and division to which they have been assigned by the City Defendants.

25. City Defendants, based on the VAEH policies and procedures of Defendants Pennsylvania Department of State and Pedro A. Cortés (collectively, "Commonwealth Defendants"), do not allow voters with mobility disabilities whose assigned polling place is inaccessible to vote in an accessible polling place.

26. As a result of a previous lawsuit, hundreds of neighborhood polling places that had been inaccessible to persons with mobility disabilities, including those who use wheelchairs, were relocated to accessible locations at no cost to the City Defendants or they were ramped with either permanent or temporary ramps with federal funds. Nevertheless, more than 400 polling places remain inaccessible.

27. Many inaccessible polling places that have not been relocated could be moved to accessible locations.

28. A number of polling places -- including some identified as accessible -- are inaccessible but, with simple modifications, could be made accessible or moved to accessible locations.

29. Despite knowledge of continued violations of and denial of equal access of the voting rights of Plaintiffs and other voters with mobility disabilities since the passage of the ADA and RA, City Defendants select and use polling locations that are inaccessible to persons with disabilities rather than select and use only accessible polling locations.

30. The Commonwealth Defendants' VAEH policies and procedures required the City Defendants to survey all Philadelphia polling places to determine if they meet the accessibility requirements established by the Commonwealth Defendants pursuant to the VAEH and whether they can be made temporarily accessible or relocated to accessible locations. The City Defendants did not comply with the Commonwealth Defendants' VAEH policies and procedures by, *inter alia*, (1) failing to properly survey Philadelphia polling places; (2) failing to properly designate polling places as accessible or inaccessible; (3) failing to make polling places accessible through temporary means or to relocate polling places to accessible sites when it is feasible to do so; and (4) failing to make good faith efforts to increase the accessibility of polling places.

31. The Commonwealth Defendants' VAEH policies and procedures allow the City Defendants to use the alternative ballot process to enable individuals with disabilities to vote by alternative ballot only when their polling places are not accessible and cannot be made

accessible through temporary means or relocated to accessible sites. The City Defendants' use of the alternative ballot process disregards the Commonwealth Defendants' VAEH policies and procedures by, *inter alia*, using the alternative ballot process in lieu of making polling places accessible or relocating them to accessible sites. The City Defendants also disregard the Commonwealth's VAEH policies and procedures by periodically allowing voters with mobility disabilities who arrive at inaccessible polling places to vote by provisional ballot.

32. The Commonwealth Defendants have made no efforts to assure that the City Defendants comply with the Commonwealth's VAEH policies and procedures, including, *inter alia*, reviewing the City Defendants' surveys of polling places, independently checking their conclusions about the accessibility of polling places, and independently determining whether inaccessible polling places could be made accessible or relocated to accessible sites.

33. The Commonwealth Defendants have failed to assure that all polling places in Philadelphia were properly surveyed to assess their accessibility and, if they do not satisfy the accessibility standards established by the Commonwealth, to determine whether they can be made temporarily accessible or relocated to accessible locations.

34. The Commonwealth Defendants have failed to assure that the alternative ballot process is used in Philadelphia only as a last resort in Philadelphia when polling places cannot be made accessible or relocated to accessible sites.

35. There is no emergency in Philadelphia that would justify the Commonwealth Defendants' failure to require the City Defendants to make its polling places accessible and, indeed, the Commonwealth Defendants have not declared such an emergency in Philadelphia or elsewhere in Pennsylvania.

36. Plaintiffs and class members have mobility impairments and many use wheelchairs to ambulate due to their disabilities. In order for Plaintiffs and class members to cast their ballots in person, their neighborhood polling places must have an accessible path of travel to an accessible voting machine. Their present polling places are inaccessible and they cannot vote where their non-disabled neighbors vote.

37. Defendants have discriminated, and continue to discriminate, against Plaintiffs and class members based on their disabilities with respect to voting in Philadelphia.

38. Plaintiffs and class members have no adequate remedy at law and require injunctive relief to enjoin Defendants from violating their civil rights.

**VI.    Claims**

    **A.    ADA and RA Claims Against City Defendants**

39. Plaintiffs and class members are substantially impaired in the major life activity of walking and they are qualified individuals with disabilities as defined in the ADA and RA. 42 U.S.C. §§ 12102(2)(A), 12131 and 28 C.F.R. § 35.104 (ADA); 29 U.S.C. § 705(20)(B) and 28 C.F.R. §§ 41.31, 41.32 (RA).

40. City Defendants -- Defendants City of Philadelphia and Margaret M. Tartaglione, Anthony Clark, and Joseph J. Duda, who are sued in their official capacities as City Commissioners -- are public entities subject to the ADA and are recipients of federal financial assistance subject to the RA. 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 (ADA); 29 U.S.C. § 794(b).

41. City Defendants have subjected Plaintiffs and class members to discrimination based on their mobility disabilities by excluding them from participation in and denying them the benefits of their services, programs, and activities, *i.e.*, access to polling places and the voting process in a manner that is available to non-disabled people, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(a), and the RA, 29 U.S.C. § 794.

42. City Defendants have denied or failed to afford Plaintiffs and class members on the basis of their mobility disabilities the opportunity to participate in and benefit from their services, programs, and activities, *i.e.*, voting in polling places in a manner that is available to and afforded to non-disabled people, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(1), and the RA, 29 U.S.C. § 794.

43. City Defendants have used methods of administration that have the effect of subjecting individuals with mobility disabilities, such as Plaintiffs and class members, to discrimination on the basis of their disabilities (*e.g.*, refusing to relocate inaccessible polling places to accessible locations) and defeating or substantially impairing the accomplishment

of the program's objectives to facilitate voting in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3), and RA, 29 U.S.C. § 794.

44. City Defendants have determined the locations of polling places in a manner that has the effect of excluding individuals with mobility disabilities, such as Plaintiffs and class members, from or denying them the benefits of City Defendants' programs, services, or activities, *i.e.*, providing access to polling places and the voting process, and that have the purpose or effect of defeating or substantially impairing the objectives of those programs, services, or activities in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(4), and the RA, 29 U.S.C. § 794.

45. City Defendants have failed to make reasonable modifications in their policies, practices, and procedures concerning inaccessible polling places that are necessary to avoid discrimination against individuals with mobility disabilities, such as Plaintiffs and class members, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7), and the RA, 29 U.S.C. § 794.

46. City Defendants have failed to administer their services, programs, and activities (*i.e.*, providing access to polling places and the voting process) in the most integrated setting appropriate to the needs of individuals with mobility disabilities, such as Plaintiffs and class members, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(d), and the RA, 29 U.S.C. § 794.

47. City Defendants have failed to assure that each polling place -- which constitutes a unique service, program, or activity because voters can vote only in their assigned polling place -- is readily accessible to and usable by individuals with mobility disabilities, including Plaintiffs and class members, in violation of the ADA, 42 U.S.C § 12132 and 28 C.F.R. § 35.150, and the RA, 29 U.S.C. § 794.

### B. VAEH Claim Against Defendant Cortés

48. Plaintiffs and class members, as individuals with mobility disabilities who are unable to vote because their polling places are inaccessible, are aggrieved persons under the VAEH, 42 U.S.C. § 1973ee-4(a).

49. Defendant Cortés, as the Secretary of the Commonwealth, is the chief election official with responsibilities under the VAEH in Pennsylvania, 42 U.S.C. § 1973ee-1.

50. Defendant Cortés, as the chief election officer of Pennsylvania, has violated the VAEH, 42 U.S.C. § 1973ee-1(b)(2)(A), by erroneously determining that all polling places in Philadelphia had been properly surveyed and that the City Defendants could not make any inaccessible polling places accessible or relocate them to accessible sites. To the contrary, Defendant Cortés knew or should have known that the City Defendants' surveys of polling places were flawed; that they had improperly designated polling places as accessible; that they had improperly rejected accessible, alternative polling places; and that they failed to make inaccessible polling places accessible when it was reasonable to do so.

51. Defendant Cortés, as the chief election officer of Pennsylvania, has violated the VAEH, 42 U.S.C. § 1973ee-1(b)(2)(B)(ii), by permitting the City Defendants to rely on the alternative ballot process for voters with mobility disabilities who are assigned to inaccessible polling places that could be either made accessible or relocated to accessible sites.

### C. ADA Claims Against Defendant Cortés

52. Plaintiffs and class members are substantially impaired in the major life activity of walking and they are qualified individuals with disabilities as defined in the ADA. 42 U.S.C. §§ 12102(2)(A), 1213 1 and 28 C.F.R. § 35.104.

53. Defendant Cortés, who is sued in his official capacity as Secretary of the Commonwealth, is responsible to administer and oversee the Pennsylvania Department of State, which is a public entity subject to the ADA. 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 (ADA).

54. Defendant Cortés has used methods of administration (*e.g.*, relying on the City Defendants to survey polling places with no independent evaluation of their work; failing to assure that the City Defendants use the alternative ballot process as a last resort only when they cannot make polling places accessible or relocate them to accessible sites) that:

    a.    have the effect of subjecting individuals with mobility disabilities, such as Plaintiffs and class members, to discrimination on the basis of their

        disabilities in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3)(i));

    b.     defeat or substantially impair the accomplishment of the Commonwealth's objectives to assure compliance with the VAEH in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3)(ii); and

    c.     perpetuate the discrimination of the City Defendants in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3)(iii).

### D. RA Claims Against the Pennsylvania Department of State

55.     Plaintiffs and class members are substantially impaired in the major life activity of walking and they are qualified individuals with disabilities as defined in the RA. 29 U.S.C. § 705(20)(B) and 28 C.F.R. §§ 41.31, 41.32

56.     Defendant Pennsylvania Department of State is a recipient of federal financial assistance subject to the RA. 29 U.S.C. § 794(b).

57.     Defendant Pennsylvania Department of State has used methods of administration (*e.g.*, relying on the City Defendants to survey polling places with no independent evaluation of their work; failing to assure that the City Defendants use the alternative ballot process as a last resort only when they cannot make polling places accessible or relocate them to accessible sites) that:

    a.     have the effect of subjecting individuals with mobility disabilities, such as Plaintiffs and class members, to discrimination on the basis of their

       disabilities in violation of the RA, 29 U.S.C. § 794 and 28 C.F.R. § 41.51(b)(3)(i));

    b.    defeat or substantially impair the accomplishment of the Commonwealth's objectives to assure compliance with the VAEH in violation of the RA, 29 U.S.C. § 794 and 28 C.F.R. § 41.51(b)(3)(ii); and

    c.    perpetuate the discrimination of the City Defendants in violation of the RA, 29 U.S.C. § 794 and 28 C.F.R. § 41.51(b)(3)(iii).

## VII. Relief

58.    Plaintiffs respectfully request that the Court:

    a.    assume jurisdiction over this case;

    b.    certify this case to proceed as a class action;

    c.    issue appropriate declaratory and injunctive relief; and

    d.    issue such other relief as may be just, equitable, and appropriate, including an award of reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. §§ 1988 and 12205 and 29 U.S.C. § 794a(b).

Respectfully submitted,

By:   /s/ Stephen F. Gold
Stephen F. Gold
Pa. ID No. 09880
125 South Ninth Street, Suite 700
Philadelphia, PA  19107
215-627-7100

By: /s/ Robert W. Meek
Robert W. Meek
Pa. I.D. No. 27870
Disability Rights Network of PA
1315 Walnut Street, Suite 400
Philadelphia, PA  19107-4798
215-238-8070


By: /s/ Seth Kreimer
Seth Kreimer
Pa. I.D. No. 26101
3400 Chestnut Street
Philadelphia, PA  1914

Attorneys for Plaintiffs

Dated:  August 19, 2008

**CERTIFICATE OF SERVICE**

     I, Robert W. Meek, hereby certify that the foregoing Amended Complaint was served on the following by first class mail, postage prepaid on the following counsel on this 19th day of August, 2008:

>Abbe F. Fletman, Esquire
>Christine E. Thelen, Esquire
>Flaster/Greenberg, P.C.
>Eight Penn Center, 15th Floor
>1628 John F. Kennedy Boulevard
>Philadelphia, PA  19103

                                          /s/ Robert W. Meek
                                          Robert W. Meek