IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN KERRIGAN, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE PHILADELPHIA BOARD | : | |
| OF ELECTION, ET AL. | : | NO. 07-687 |

**ORDER-MEMORANDUM**

**AND NOW**, this 5th day of September, 2008, upon consideration of Defendants' "Motion for Clarification, Reconsideration or, in the Alternative, Certification of Interlocutory Appeal and Stay of Proceedings" (Docket No. 92) and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.

Defendants have asked us to reconsider two elements of our August 14, 2008 Memorandum and Order granting in part and denying in part their Motion for Summary Judgment. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Public Interest Research Group of New Jersey v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources. Moyer v. Italwork, Civ. A. No. 95-2264, 1997 U.S. Dist. LEXIS 7912, at *9 (E.D. Pa. June 3, 1997). Defendants do not assert the existence of newly available evidence, an intervening change in the controlling law, or the need to prevent manifest injustice. Consequently, we will consider whether our previous determination of these two elements were clear errors of law.

Defendants first challenge our finding, in the context of Plaintiffs' program access mandate claim, that Philadelphia's program of voting "includes the opportunity to vote in one's local, assigned, polling place, where the voter can take advantage of the opportunities to meet election judges, see their neighbors, and obtain information from candidates' representatives." (Aug. 14, 2008 Mem. at 31.)  Although Defendants disagree that their program of voting includes all of these opportunities, which are available to individuals who are able to vote in their assigned local polling places, Defendants have not made any alternative suggestion as to the scope of their program of voting.  The United States Court of Appeals for the Third Circuit explained, in Yeskey v. Pennsylvania Dep't of Corrs., 118 F.3d 168 (3d Cir. Pa. 1997), that, for the purposes of Title II of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act (the "RA"), "program" means the program as it is provided by the public entity in question.  The Third Circuit stated that the regulations promulgated by the Department of Justice to enforce Section 504 of the RA "define 'program' to mean 'the operations of the agency or organizational unit of government receiving or substantially benefitting from the Federal assistance awarded . . . .'" Id. at 171 (quoting 28 C.F.R. § 42.540(h)).  The regulations promulgated to enforce Title II of the ADA similarly "state that the statute's coverage extends to 'all services, programs, and activities provided or made available by public entities.'" Id. (quoting 28 C.F.R. § 35.102(a)).

Defendants cannot deny that they make voting available at local polling places.  Indeed, Pennsylvania law requires Defendants to assign voters to specific local polling places and to select and equip those polling places.  See 25 Pa. Stat. Ann. §§ 2642(b), 2726, 2727.  Plaintiffs have presented evidence that individuals who vote in their assigned local polling places have the opportunity to speak with election judges, see their neighbors, and obtain candidate information.

(Davenport Dep. at 48-49; Ahmad Dep. at 22-23.)  Defendants also cannot deny that the majority of Philadelphia voters vote in their assigned local polling places.  Indeed, only 2000 alternative ballots were cast in Philadelphia during the April 2008 primary election.  (Lee Dep. at 286.)  We find, accordingly, that our previous finding that Philadelphia's program of voting includes the opportunity to vote in one's assigned local polling place was not clear error.

Defendants also contend that we erred by disagreeing with their contention that Plaintiffs must identify each inaccessible polling place in Philadelphia and make specific modification recommendations for each in order to survive summary judgment.  None of the cases cited by Defendants delineate such a requirement.  These cases merely state the requirement that "[o]nce a plaintiff establishes a prima facie showing of discrimination, he or she has the burden of articulating reasonable accommodations that the defendant can make in order to comply with the ADA and the RA."  Liberty Resources, Inc. v. Philadelphia Housing Auth., 528 F. Supp. 2d 553, 565 (E.D. Pa. 2007) (citing Frederick L. v. Dep't of Public Welfare, 364 F.3d 487, 492 n.4 (3d Cir. 2004)).  We find, accordingly, that  our previous finding that Plaintiffs had satisfied their burden on summary judgment of coming forward with reasonable modifications was not clear error. Defendants' Motion is, therefore, denied, to the extent that they request reconsideration of our August 14, 2008 Memorandum on these grounds.

Defendants also ask, if we deny their request for reconsideration, that we certify these questions for immediate interlocutory appeal and stay these proceedings pending that appeal. Under 28 U.S.C. § 1292(b), an otherwise non-appealable order may be certified for immediate interlocutory appeal where:  1) the decision involves a controlling question of law; 2) there is substantial ground for difference of opinion with respect to that question; and 3) immediate appeal may materially

advance the ultimate termination of the litigation. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 478 F. Supp. 889, 943 (E.D.Pa. 1979) order vacated on other grounds, 631 F.2d 1069 (3d Cir. 1980) (quoting 28 U.S.C. § 1292(b)).  The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court. Fox v. Horn, Civ. A. No. 98-5299, 2000 U.S. Dist. LEXIS 3106, at *3 (E.D. Pa. Mar. 13, 2000).  Certification is only appropriate in "exceptional" cases. Thornbury Noble, Ltd. v. Thornbury Twp., Civ. A. No. 99-6460, 2002 U.S. Dist. LEXIS 4698, at *60 (E.D. Pa. Mar. 20, 2002) (citing Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa. 1993). In exercising our discretion, we must be mindful of the strong policy against piecemeal appeals. Orson, Inc. v. Miramax Film Corp., 867 F.Supp. 319, 321 (E.D. Pa. 1994) (citing Piazza, 836 F.Supp. at 270). Moreover, in evaluating these factors, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983); see also United States v. Grand Trunk Western R.R. Co., 95 F.R.D. 463, 471 (W.D. Mich. 1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling). Rather, the party seeking certification has the burden of "establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment." Weaver v. Mobile Diagnostech, Inc., Civ. A. No. 02-1719, 2007 U.S. Dist. LEXIS 63409, at *5 (W.D. Pa. Aug. 28, 2007).

     Having considered Defendants' arguments, we find that they have not satisfied their burden of establishing the existence of exceptional circumstances in this case.  Defendants disagree with our rulings on these issues.  They have not, however, shown that there is substantial ground for differences of opinion with respect to these issues.  Moreover, we find that an immediate appeal, and

stay of these proceedings pending the conclusion of such an appeal, would delay the ultimate termination of this litigation. Defendants' request for certification of immediate appeal and stay is, accordingly, denied.

Defendants also ask that we "clarify" our August 14, 2008 Memorandum and Order by limiting the evidence we will consider during the Hearing on Plaintiffs' Motion for Permanent Injunction. The scope of that Hearing will be discussed with counsel for all parties during a status conference that will be scheduled as soon as counsel for the Pennsylvania Department of State, the Secretary of the Commonwealth, and the City of Philadelphia have entered their appearances in this case. Defendants' request is, accordingly, denied.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.