IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

KATHLEEN KERRIGAN, ANTHONY : 
HOLIDAY, MICHAEL J. McSHEA, :
TARIQ MANGUM, RENEE CROSBY, and :
CAROLYN DAVENPORT, on behalf of :
themselves and all others similar ly situated, :
    :
                    Plaintiffs, :
    :  Civil Action No. 07-CV-687
                v. :
    :  Class Action
THE CITY OF PHILADELPHIA; MARGARET :
TARTAGLIONE, ANTHONY CLARK and :
JOSEPH J. DUDA, in their official capacities as :
Philadelphia City Commissioners; :
PENNSYLVANIA DEPARTMENT OF STATE :
and PEDRO A. CORTÉS, in his official capacity :
as Secretary of the Commonwealth, :
    :
                    Defendants. :
_____:

**PLAINTIFFS' MOTION FOR AN AWARD OF
ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS**

Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b), Plaintiffs and the Class, through their counsel, submit this Motion for an Award of Attorneys' Fees, Litigation Expenses, and Costs in the amount of $360,000. In support of this Motion, Plaintiffs and the Class state as follows:

    1.    Plaintiffs and the Class have entered into a comprehensive Settlement Agreement (Agreement) with the City Defendants and the Commonwealth Defendants.[1] By Order dated

---

[1] A copy of the Agreement was submitted as Attachment 2 to Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement Agreement and for Approval of Class Notice.

April 23, 2009, the Court preliminarily approved the Agreement and approved the distribution of publication notice to the Class. Plaintiffs and the Class today submitted a Motion for Final Approval of the Class Action Settlement. The Court has scheduled a fairness hearing for July 14, 2009.

2. The Agreement provides that the Defendants will pay a total of $360,000 for Plaintiffs' attorneys' fees, litigation expenses, and costs through the date of final approval of the Agreement. Agreement ¶ IX.A. The City Defendants and Commonwealth Defendants will each be responsible to pay $180,000 toward the total. *Id.* As set forth below, the $360,000 award that Plaintiffs' counsel seek is 13 percent less than their actual attorneys' fees, litigation expenses, and costs.

3. The publication notice disseminated to the Class apprised class members that the Agreement provides for the payment of $360,000 by Defendants to Plaintiffs' counsel, subject to approval of the Court.

4. Both the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) authorize the payment of attorneys' fees to a prevailing party who files a case to enforce those statutes. 29 U.S.C. § 794a(b) (RA); 42 U.S.C. § 12205 (ADA). Although these fee-shifting statutes refer to the court's discretion to award fees to a prevailing party, "'it is well-established that a prevailing party should recover an award of attorney's fees absent special circumstances.'" *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted).

5.      A plaintiff is the "prevailing party" when the resolution of the dispute "'*changes the legal relationship* between itself and the defendant.' ... 'The touchstone of the prevailing party inquiry must be the *material alteration of the legal relationship of the parties.*'" *Truesdell*, 290 F.3d at 163 (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989)) (emphases in original). When a court approves a settlement agreement and retains jurisdiction, there is a material alteration in the legal relationship of the parties sufficient to confer prevailing party status on the plaintiff under fee-shifting statutes, such as the ADA and RA. *Id.* at 164, 165; *accord The Arc of Delaware v. Meconi*, Civil Action No. 02-255-KAJ, 2005 WL 3657319 at *2 (D. Del. June 13, 2005); *Witcher v. Philadelphia Housing Authority*, Civil Action No. 01-CV-585, 2002 WL 32351170 at *1-*2 (E.D. Pa. Aug. 19, 2002).

6.      The Agreement that resolved this case effected a material alteration in the legal relationship between the Plaintiffs and Defendants. The Agreement obligates the Defendants to take concrete steps within identified time frames that will work to maximize the accessibility of Philadelphia polling places. Defendants were under no obligation to take these actions -- and would not have taken these actions -- without the litigation that yielded the Agreement. Moreover, the Agreement bears the type of judicial involvement and imprimatur that is needed to confer prevailing party status on the Plaintiffs. First, the Agreement must be approved by the Court and, upon approval, it will be incorporated in a Court Order. Agreement ¶ VII.E; Proposed Order ¶ 4. Second, the Court will continue its involvement in this action through the provisions for dispute resolution that allow Plaintiffs to have the Magistrate Judge decide whether accessibility or relocation recommendations that are rejected by the City Defendants

must be implemented and the parties can appeal the Magistrate Judge's rulings on those issues to the Court. Agreement ¶¶ IV.A-D. Finally, the Agreement (and the Order) provide that the Court will retain jurisdiction for purposes of interpretation and enforcement of the Agreement. Agreement ¶ IX.D; Proposed Order ¶ 4. Accordingly, Plaintiffs are prevailing parties in this case and, as such, they are entitled under the ADA and RA to an award of reasonable attorneys' fees, litigation expenses, and costs.

7. "Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services," which is known as the "lodestar." *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *accord Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). Plaintiffs' counsel's aggregate lodestar is $389,554.40 broken down follows:

| Attorney | Hours | Rate | Lodestar |
| --- | --- | --- | --- |
| Stephen F. Gold | 276.48 | $425 | $117,504.00 |
| Robert W. Meek | 299.27 | $400 | $119,708.00 |
| Robin Resnick | 476.07 | $320 | $152,342.40 |

Meek Decl. ¶ 2 (Exh. A). Detailed breakdowns of the time spent by counsel in the litigation of this matter, which were maintained contemporaneously, *id.* ¶ 3, are submitted as Exhibits B, C, and D.

8. Counsel spent a total of 1,051.82 hours on this matter. These hours are reasonable in light of the vigorously contested nature of this litigation.

      a.    Counsel's time includes:  (1) investigating, researching, and drafting the Complaint and Amended Complaint; (2) researching and briefing related to the contested class certification motion, the City Defendants' and Commonwealth Defendants' respective motions to dismiss, Plaintiffs' Motion for Permanent Injunction, the City Defendants' summary judgment motion and motion for reconsideration or interlocutory appeal of the Court's summary judgment ruling; (3) extensive formal and informal discovery -- including review of nearly 30,000 pages of documents, extensive written discovery, defending the depositions of approximately 25 witnesses, and deposing the City Defendants' Rule 30(b)(6) designee, and organizing and evaluating the data from surveys of approximately 250 polling places on election days in November 2007 and April 2008; and (4) months of settlement negotiations.  Meek Decl. ¶ 4.

      b.    Plaintiffs' counsel strived to avoid unnecessary duplication of efforts.  Meek Decl. ¶ 5.  Plaintiffs' counsel have exercised billing judgment, including the exclusion of time spent by co-counsel Seth Kreimer and by other attorneys at the Disability Rights Network of Pennsylvania.  *Id.*  Plaintiffs' time also excludes time they will spend in preparation for and at the fairness hearing, although that time is included in the negotiated fee award under the Agreement.  *Id.*

9.    Plaintiffs' counsel's hourly rates are reasonable.[2]  "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates

---

[2] Plaintiffs' counsel's rates reflect their current hourly rates, Meek Decl. ¶ 2, in accordance with Third Circuit authority.  *Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001); *accord Bjorklund v. Philadelphia Housing Authority*, Civil Action No. 98-CV-2838, 2003 WL 22988885 at *2 (E.D. Pa. Nov. 20, 2003), *aff'd*, 118 Fed. Appx. 624 (3d Cir. 2004).

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun*, 256 F.3d at 184. Plaintiffs' counsel's rates are an accurate reflection of their skill and experience as well as prevailing rates in this community.

      a.    Mr. Gold, Mr. Meek, and, Ms. Resnick have practiced law for approximately 38, 31, and 23 years, respectively. As reflected in their resumes, all have extensive experience in federal litigation and disabilities law, including key cases under the ADA. Meek Decl. ¶ 6 & Exh. E, F, and G.

      b.    The rates of Plaintiffs' counsel are generally in accord with the most recent Fee Schedule adopted by Community Legal Services (CLS) in Philadelphia dated April 1, 2006, *available at*, http://www.clsphila.org (Exh. H).[3] The Third Circuit has found the CLS Fee Schedule "'to be a fair reflection of the prevailing market rates in Philadelphia.'" *Maldonado v. Houstoun*, 256 F.3d at 187 (citation omitted); *accord Bjorklund v. Philadelphia Housing Authority*, 2003 WL 22988885 at *2.

      c.    The rates of counsel in this case also are consistent -- indeed, less than -- those charged by area firms in Philadelphia, the forum in which the case was litigated. *See A*

---

[3] Mr. Gold's rate is approximately 3.7 percent higher than the $410 rate for attorneys with "more than 25 years" of experience in the CLS Fee Schedule. However, the CLS Fee Schedule has not been adjusted for inflation in over three years. If inflation were taken into account, the CLS Fee Schedule would set the maximum rate for an attorney with Mr. Gold's experience at nearly $433. *See* Inflation Calculator, *available at* http://data.bls.gov. Thus, Mr. Gold's $425 hourly rate is consistent with CLS's Fee Schedule as adjusted for inflation.

*Nationwide Sampling of Law Firm Billing Rates*, 31 Nat'l L.J. S2 (Dec. 8, 2008) (listing partner and associate rates at various Philadelphia firms).

        d.     Finally, several courts previously approved the then-current rates of Plaintiffs' counsel. *See Taylor v. USF-Red Star Express, Inc.*, Civil Action No. 03-2216, 2005 WL 555371 at *6 (E.D. Pa. Mar. 8, 2005) (hourly rates of $310 and $265, respectively, for Mr. Meek and Ms. Resnick), *aff'd*, 212 Fed. Appx. 101 (3d Cir. 2006), *cert. denied*, 550 U.S. 936 (2007); *Collins v. Southeastern Pennsylvania Transp. Auth.*, 69 F. Supp. 2d 701, 705 (E.D. Pa. 1999) (hourly rate of $350 for Mr. Gold); *Charles Q. v. Houstoun*, Civil Action No. 1:CV-95-280, 1997 WL 827546 at *2-*3 (M.D. Pa. Sept. 30, 1997) (hourly rates of $225 and $190, respectively, for Mr. Meek and Ms. Resnick); *Doe v. Township of Hampton*, Civil Action No. 94-811, 1996 WL 805073 at *7 (W.D. Pa. Dec. 11, 1996) (hourly rates of $190 for Ms. Resnick); *Austin v. Pennsylvania Dep't of Corrections*, 876 F. Supp. 1437, 1470 & n.22 (E.D. Pa. 1995) (hourly rate of $200 for Mr. Meek); *Alliance for the Mentally Ill of Pennsylvania v. White*, Civil Action No. 90-6389, 1992 WL 212431 at *1 & n.4 (E.D. Pa. 1992) (hourly rate of $270 for Mr. Gold).

10.     Plaintiffs and the Class also incurred litigation expenses and costs[4] totaling $17,281.42, comprised of the following expenditures:

---

[4] The ADA allows prevailing parties to recover "litigation expenses." 42 U.S.C. § 12205. The term "litigation expenses" is much broader than the limited "costs" taxable under 28 U.S.C. § 1920. Litigation expenses encompass, *inter alia*, expert fees, telephone, postage, messenger services and travel costs. *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003) *Kratzer v. Wegman's Restaurant, LLP*, Civil Action No. 04-05889, 2005 WL 2847320 at *2-*3 (E.D. Pa. Oct. 27, 2005); *Corbett v. National Products Co.*, No. 94-2652, 1995 WL 284248 at *4 (E.D. Pa. May 9, 1995); H. Rep. No. 101-485, pt. 2, at 140 (1990), *reprinted in* 1990 U.S.C.C.A.N. 267, 423.

| <u>Expenses</u> | <u>Amount</u> |
|---|---|
| Filing Fee | $ 350.00 |
| Witness Fees | $ 320.00 |
| Photographs | $ 43.75 |
| Expert | $ 3,070.00 |
| Transcripts | $ 6,390.95 |
| Travel | $ 90.85 |
| Outside Photocopying | $ 739.52 |
| In-House Photocopying | $ 6,242.75 |
| Postage/Delivery/Fax | $ 33.60 |

Meek Decl. ¶ 9. These expenses are drawn from receipts and documents maintained in counsel's offices and can be made available to the Court upon request. *Id*.

11. Plaintiffs' seek an award of $360,000 -- only 88.5 percent of their counsel's combined lodestar, litigation expenses, and costs totaling $406,835.82. Plaintiffs' request for a $360,000 award of attorneys' fees, litigation expenses, and costs is *a fortiori* reasonable.

WHEREFORE, Plaintiffs and the Class respectfully request that the Court award them $360,000 for attorneys' fees, litigation expenses, and costs.

Respectfully submitted,

Dated: July 2, 2009         By:   /s/ Robert W. Meek
                                  Robert W. Meek
                                  PA Attorney I.D. No. 27280
                                  Robin Resnick
                                  PA Attorney I.D. No. 46980
                                  Disability Rights Network of PA
                                  1315 Walnut Street, Suite 400
                                  Philadelphia, PA  19107-4798
                                  (215) 238-8070

By: /s/ Stephen F. Gold
Stephen F. Gold
PA Attorney I.D. No. 09980
125 South Ninth Street, Suite 700
Philadelphia, PA 19107
(215) 627-7100

By: /s/ Seth Kreimer
Seth Kreimer
PA Attorney I.D. No. 26102
3400 Chestnut Street
Philadelphia, PA 19104
(215) 898-7447

Counsel for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I, Robert W. Meek, certify that Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Costs, Exhibits, and proposed Order were filed with the Court's ECF system on July 2, 2009 and are available for viewing and downloading from the ECF system by the following counsel who consented to electronic service:

Abbe F. Fletman, Esquire
Kevin Greenberg, Esquire
Christine E. Thelen, Esquire
Flaster/Greenberg, P.C.
Eight Penn Center, 15th Floor
1628 John F. Kennedy Boulevard
Philadelphia, PA  19103

Sue Ann Unger, Esquire
Senior Deputy Attorney General
Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA  19107

/s/ Robert W. Meek
Robert W. Meek