IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN KERRIGAN, ANTHONY
HOLIDAY, MICHAEL J. McSHEA,
TARIQ MANGUM, RENEE CROSBY, and
CAROLYN DAVENPORT, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

THE CITY OF PHILADELPHIA; MARGARET
TARTAGLIONE, ANTHONY CLARK and
JOSEPH J. DUDA, in their official capacities as
Philadelphia City Commissioners;
PENNSYLVANIA DEPARTMENT OF STATE
and PEDRO A. CORTÉS, in his official capacity
as Secretary of the Commonwealth,

    Defendants.

Civil Action No. 07-CV-687

Class Action

## ORDER

Upon consideration of Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Costs and in accordance with Rule 23(h)(3), it is hereby ORDERED on this ____14th____ day of ____July____, 2009 as follows:

1. Plaintiffs' Motion is GRANTED.

  a. Plaintiffs are awarded the sum of $360,000 for attorneys' fees, litigation expenses, and costs incurred through the final approval of the Settlement Agreement in this matter.

  b. In accordance with Paragraph IX.A of the Settlement Agreement, the City Defendants are ORDERED to pay Plaintiffs' counsel (the Disability Rights Network of

Pennsylvania and Stephen F. Gold) the sum of $180,000 within thirty (30) days of the entry of this Order.

  c. In accordance with Paragraphs IX.A and IX.B of the Settlement Agreement, the Clerk of Court is directed to pay to Plaintiffs' counsel (the Disability Rights Network and Stephen F. Gold) within ~~fourteen (14)~~ twenty one (21) days of the date of this Order the sum of $180,000 from the Attorneys' Fees Escrow Sub-account established by the Order dated March 4, 2009.

  2. In accordance with Rule 23(h)(3), the Court makes the following findings of fact in support of its award of attorneys' fees, litigation expenses, and costs:

  a. Plaintiffs and the Class have entered into a comprehensive Settlement Agreement (Agreement) with the City Defendants and the Commonwealth Defendants. The Agreement includes a detailed process designed to maximize the accessibility of Philadelphia polling places. Under the Agreement, the independent entities will survey the accessibility of all Philadelphia polling places and will identify for inaccessible polling places temporary accessibility modifications or potential accessible relocation sites in accordance with the feasibility parameters set forth in the Agreement. If the City Defendants refuse to implement the recommendations (with certain exceptions), the Plaintiffs can challenge those decisions in hearings before the United States Magistrate Judge and either party can appeal the Magistrate Judge's determinations to this Court. The Agreement also includes a similar process to assure that most newly selected polling places will be accessible and, if not, the Plaintiffs can use the same judicial process to challenge the City Defendants' decisions.

2

b. Following a fairness hearing on July 14, 2009, the Court approved the Settlement Agreement as fair, reasonable, and adequate in accordance with Rule 23(e).

c. The Court's Order that approved the Settlement Agreement incorporates the Agreement by reference and retains continuing jurisdiction over the case for purposes of dispute resolution, interpretation of the Agreement, and enforcement of the Agreement.

d. Paragraph IX.A of the Agreement provides that the Defendants will pay a total of $360,000 for Plaintiffs' attorneys' fees, litigation expenses, and costs through the date of final approval of the Agreement. The City Defendants and Commonwealth Defendants will each be responsible to pay $180,000 toward the total.

e. In accordance with the Court's Order dated April 23, 2009, Plaintiffs and the City Defendants disseminated publication notice to the Class. This notice informed the Class, *inter alia*, that the Agreement provides for the payment of $360,000 by Defendants to Plaintiffs' counsel, subject to approval of the Court.

f. Plaintiffs' counsel submitted detailed, contemporaneously-maintained time records that reflect an aggregate lodestar of $389,554.40 broken down follows:

| Attorney | Hours | Rate | Lodestar |
| --- | --- | --- | --- |
| Stephen F. Gold | 276.48 | $425 | $117,504.00 |
| Robert W. Meek | 299.27 | $400 | $119,708.00 |
| Robin Resnick | 476.07 | $320 | $152,342.40 |

g. Plaintiffs' counsel's time includes: (1) investigating, researching, and drafting the Complaint and Amended Complaint; (2) extensive motions practice; (3) substantial

formal and informal discovery; and (4) months of settlement negotiations. Counsel exercised proper billing judgment.

        h.      Plaintiffs' counsel have between 23 and 38 years of experience, primarily in the area of federal disabilities law.

        i.      Plaintiffs' rates are in accord with the most recent Fee Schedule adopted by Community Legal Services (CLS) in Philadelphia dated April 1, 2006, *available at*, http://www.clsphila.org (Exh. H), as adjusted for inflation.

        j.      Plaintiffs' counsel's rates are consistent with those charged by area firms in Philadelphia, the forum in which the case was litigated. *See A Nationwide Sampling of Law Firm Billing Rates*, 31 Nat'l L.J. S2 (Dec. 8, 2008).

        k.      Several courts previously approved the then-current rates of Plaintiffs' counsel.

        l.      Plaintiffs also incurred litigation expenses and costs totaling $17,281.42, including the filing fee, expert witness fees, transcript fees, witness fees, and photocopying.

        m.      The $360,000 award that Plaintiffs' counsel requests for attorneys' fees, litigation expenses, and costs is actually 12.5 percent less than the $406,835.82 that they actually incurred for attorneys' fees, litigation expenses, and costs.

        3.      In accordance with Rule 23(h)(3), the Court bases its award of attorneys' fees, litigation expenses, and costs on the following conclusions of law:

        a.      Both the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), the statutes under which this case was filed, authorize the payment of attorneys' fees

to a prevailing party who files a case to enforce those statutes. 29 U.S.C. § 794a(b) (RA); 42 U.S.C. § 12205 (ADA). Although these fee-shifting statutes refer to the court's discretion to award fees to a prevailing party, "'it is well-established that a prevailing party should recover an award of attorney's fees absent special circumstances.'" *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted).

      b.    "'The touchstone of the prevailing party inquiry must be the *material alteration of the legal relationship of the parties*.'" *Truesdell*, 290 F.3d at 163 (emphasis in original). When a court approves a settlement agreement and retains jurisdiction, there is a material alteration in the legal relationship of the parties sufficient to confer prevailing party status on the plaintiff under fee-shifting statutes, such as the ADA and RA. *Id.* at 164, 165.

      c.    Plaintiffs are the prevailing parties in this case since the Agreement that resolved this case effected a material alteration in the legal relationship between the Plaintiffs and Defendants. The Agreement requires Defendants to take concrete steps -- that they would not otherwise be obligated to take -- within identified time frames that will work to maximize the accessibility of Philadelphia polling places. The Agreement was approved by the Court and was incorporated in a Court Order. The Court will continue its involvement in this action through the dispute resolution process. Under the Agreement (and the Order), the Court will retain jurisdiction for purposes of interpretation and enforcement of the Agreement. Thus, the Settlement Agreement has the judicial involvement and imprimatur necessary to confer prevailing party status on the Plaintiffs.

5

   d. "Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services," which is known as the "lodestar." *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *accord Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

   e. The 1,051.82 hours of time spent by Plaintiffs' counsel in this vigorously contested lawsuit were reasonable.

   f. Plaintiffs' counsel's use of their current hourly rates is appropriate. *See Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001).

   g. In assessing the reasonableness of Plaintiffs' counsel's hourly rates, a court "'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun*, 256 F.3d at 184.

   h. Plaintiffs' counsel's rates are reasonable as they are an accurate reflection of their skill and experience as well as prevailing rates in this community.

   i. Since the time spent by Plaintiffs' counsel and their hourly rates are reasonable, their aggregate lodestar of $389,554.40 is also reasonable.

   j. The ADA allows prevailing parties to recover "litigation expenses" -- which includes expert fees, travel, and other expenses -- as well as "costs" compensable under 28 U.S.C § 1920. 42 U.S.C. § 12205. *See Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003); *Kratzer v. Wegman's Restaurant, LLP*, Civil Action No. 04-05889, 2005 WL 2847320 at *2-*3 (E.D. Pa. Oct. 27, 2005); H. Rep. No. 101-485, pt.

2, at 140 (1990), *reprinted in* 1990 U.S.C.C.A.N. 267, 423. Accordingly, Plaintiffs' counsel are entitled to recover the $17,281.42 they spent on litigation expenses and costs.

      k.    The $406,835.82 attorneys' fees, litigation expenses, and costs actually incurred by Plaintiffs' counsel is reasonable. Accordingly, the lesser award of $360,000 that they seek and that the Court approves is likewise reasonable.

                                                                                          The Honorable John R. Padova
                                                                                    United States District Judge